BOLIN, Judge.
Plaintiff Rushing sued to recover damages for personal injuries allegedly caused when an automobile driven by J. C. Knight, insured by defendant company, struck him as he was walking across a street in Monroe, Louisiana. Action was predicated upon allegations of specific acts of negligence and in the alternative, should plaintiff be found contributorily negligent, it was alleged defendant had the last clear chance to avoid the accident. In the answer defendant alleged its insured was free from negligence; that the accident was caused solely by plaintiff’s negligence; and alternatively, that plaintiff’s contributory negligence bars his recovery. From judgment rejecting plaintiff’s demand he appeals.
The accident occurred on a dark, winter night. Rushing, who had just purchased some groceries, was transported home in the back seat of a station wagon owned by the proprietors of the grocery store. The station wagon was stopped on the extreme right of the street headed south, with its lights on dim, and directly across the street from the residence of Rushing. Plaintiff, who was dressed in a dark coat and greasy or dark trousers, immediately alighted from the right side of the vehicle, walked around behind it and proceeded to walk directly across the street toward his house. The street was of blacktop construction with two lanes for travel.
Knight was driving his vehicle north at a moderate rate of speed. There is no allegation of excessive speed. He testified he did not see plaintiff until the instant before he struck him. The accident occurred in Knight’s lane of travel as plaintiff had almost reached the side of the street abutting his property.
In a brief written opinion the trial judge concluded no negligence had been shown against defendant driver, but to the contrary, Knight had done all any reasonable person could do to avoid the accident. The court went further and found plaintiff con-tributorily negligent on a number of grounds and particularly because admittedly he never saw the lights of Knight’s car.
From our review of the evidence we agree with the finding that Knight was free from fault. The night was dark, the street surface was dark arid plaintiff was dressed in dark clothes. He walked from behind the station wagon, the headlights of which were directed toward the oncoming Knight car. Defendant was operating his vehicle in a careful and prudent manner under the circumstances.
Having found defendant free from fault it is unnecessary to comment on the plea of contributory negligence filed by defendant. The doctrine of last clear chance urged by plaintiff is manifestly not applicable where defendant has been found free of fault. (Louisiana Revised Civil Code Articles 2315 and 2316).
The judgment appealed from is affirmed at appellant’s cost.
Affirmed.