McBRIDE, Judge.
Salvadore Sciortino, a minor then aged nine years and four months, sustained injuries as a result of coming into contact with a moving automobile on March 7, 1964, on Louisiana Avenue. The automobile was being driven by Rev. Songy, one of the defendants; the other defendant.is the liability insurer of the car. By this suit the father of the minor seeks to recover from the defendants, in solido, a judgment on behalf of the minor for the personal injuries sustained by him, and to recoup, individually, the medical expenditures, etc., incurred in connection with the child’s injuries. After a trial below on the merits the suit was dismissed and plaintiff has appealed.
Salvadore Sciortino was called as a witness but it developed that he could not even recall having been in an accident. Expert medical testimony shows that he had sustained a loss of memory due to a chronic brain syndrome allegedly sustained in the accident. The only witness produced by plaintiff was one of Salvadore’s playmates. The defense witnesses were Rev. Songy and a passenger who was riding in his automobile at the time of the accident.
Just prior to the accident a group of small boys, which included Salvadore Scior-tino, were engaged in a ball game in the automobile driveway between No. 3335 Louisiana Avenue and the adjoining premises which is located on the uptown side of the street. The ball, batted directly across the street by one of the young players, rolled under an automobile parked along the downtown curb; young Salvadore, who was playing in the outfield, dashed across the street and retrieved the ball. He then went around the curb side of the parked automobile and stood in the street in front of it *423 looking toward South Broad Street from which direction a vehicle approached. The boy waited until said automobile had passed the point at which he stood, and then, without looking in the other direction ran suddenly into the Songy automobile which was being driven toward Broad Street. Rev. Songy states that because the boy had been standing in front of the parked car he did not see him until the moment of impact. The evidence in the case is to the effect that the automobile did .not hit the child but that the boy ran into the right side of the car and landed on top of the hood. The car was brought to a stop about twenty feet from the point of impact. The passenger corroborates the driver’s testimony in all particulars.
This is clearly a case of a child running from behind a parked vehicle directly into an oncoming car without having taken the precaution of looking for traffic in both directions. The speed of the vehicle is not in question. The evidence is convincing that the car was moving at a rate of 15-20 miles per hour. That the boy did not look in the direction from which the Songy vehicle approached is fully borne out by the testimony of Michael Treuting, now 12 years old, one of the participants in the ball game, who stated:
“Yes, sir, and when that [the car coming from Broad St.] passed, he [Sal-vadore] didn’t look the other way. He just came across but it didn’t take long, you know. It wasn’t dragged out. It just passed by and he left. He came right back after the car passed.”
Insofar as the defendant driver is concerned the accident was unavoidable and he is guilty of no negligence.
Of course, there is no room to admit the application of the doctrine of the last clear chance. Rev. Songy did not have any knowledge that there was any likelihood that a child might run into the street; he did not and could not see the boy until he darted from behind the parked automobile when it was too late to take any steps to avert the accident.
The judgment appealed from is affirmed.
Affirmed.