SAVOY, Judge.
The instant case was consolidated for trial with that of Holland v. Istre et al., La.App., 203 So.2d 754 and a separate decree is being handed down this date.
These cases are in tort. After a trial on the merits, the district judge rejected the demands of the plaintiffs in both suits and dismissed same at their costs.
The record reveals that on the night of March 28, 1966, the defendant, Allen J. Istre, was proceeding on U. S. Highway 165 in a northerly direction. He was traveling from his home in Glenmora to Alexandria where he was to report for work at a retail establishment. Istre testified that shortly prior to the accident in the instant cases, he overtook a slow moving red vehicle near the Alexandria Country Club, and that he followed the vehicle for some time when he attempted to pass said vehicle. As he attempted to pass the red vehicle, he saw headlights which he presumed were from an oncoming vehicle. He then realized that the vehicle was parked on the west shoulder of said U. S. Highway 165. Istre then passed the red car and shortly thereafter struck and killed Mike Pat Odom, Sr. and Alfred D. Holland, both of whom were, prior to their deaths, on U. S. Highway 165.
The only other eye witness to the accident was Mrs. Viola Holland, widow of Alfred D. Holland. The pertinent portion of her testimony is taken from the transcript in the suit record as follows:
“Q. What was the next thing that happened on your way to Alexandria?
“A. Well, we had passed these hogs and there was one of them mighty near plumb in the middle of the highway and the other one on the shoulder of the road so went up there to the Swamp Room and turned around and headed back toward Glenmora and the one that was in the road it was toward Glenmora, the one on the shoulder of the road they didn’t bother, figured it wouldn’t harm nothing, you know there and went to pull it out of the highway and that’s when this sta-tionwagon hit them.
“Q. You, your husband and Pat Odom were coming on the Glenmora Highway toward Alexandria, is that correct?
“A. Yes, sir.
“Q. You were headed north?
“A. Yes, sir.
“Q. And I gather this hog was in the center of the highway near the Swamp Room, is that correct?
“A. Yes, sir.
“Q. Who saw the hog first, did anybody make any comment ?
“A. Pat told him, he said ‘there’s some dead hogs or something in the highway’ and I said ‘that’s probably what it is, a dead hog’ he said ‘we ought to go back and pull it out of there cause it may cause a death or somebody to get seriously hurt’ said ‘whoever done it should have stopped and pulled it out of the highway’ so that’s when we turned around.
*754 “Q. How far is the Swamp Room from where the dead hog was, do you know of fharid ?
“A. No, sir, I really don’t but it wasn’t far.
“Q. Describe what happened when you turned around, did you come back to where the hog was located ?
“A. Yes, sir, time we got up the highway it was a little beyond the hog and the shoulder of the road you know is real, real wide and we wanted to be sure that we got off of the highway and they went back there to get the hog to pull it out of the highway and that’s when it happened and I don’t remember nothing else because I didn’t even look back, I just heard the lick.”
The preponderance of the evidence is that both Odom and Holland were on U. S. Highway 165 when the accident occurred.
It is the contention of counsel for appellants that the cause in fact of the accident was the negligence of Istre in speeding when he overtook the red vehicle, and also in not slowing down when the lights from the parked car partially blinded his vision. In the alternative, he pleads the last clear chance doctrine.
The trial judge stated in his written opinion that he did not find it necessary to determine whether defendant Istre was negligent since he was of the opinion that the decedents were guilty of gross negligence in being on a highly traveled highway at the time of the accident. He also found the doctrine of last clear chance inapplicable.
We are in complete agreement with the findings of the trial judge.
The decedents were negligent in being on the highway under the circumstances as testified to by Mrs. Holland. Also, we find that the doctrine of last clear chance is not applicable for the reason that all of the elements for the doctrine to apply were not present.
For the reasons assigned the judgment of the district court is affirmed at appellants’ costs.
Affirmed.