LEAR, Judge.
This is a suit for damages resulting from a pedestrian being struck by an automobile.
Plaintiff was very seriously injured when struck by an automobile as plaintiff was walking south on South Main Street in St. Martinville, Louisiana. The vehicle which struck plaintiff was owned by Paul J. Duchaine, Sr., and was being operated by his minor son, Paul J. Du-chaine, Jr. State Farm Mutual Automobile Insurance Company is the liability insurer of the Duchaine automobile.
Because of the seriousness of the injuries and the number of medical witnesses involved, the suit was tried on a question of liability alone. From an adverse judgment plaintiff appeals and requests that we reverse the trial court and remand the case for the taking of medical testimony.
The facts show that the accident occurred on June 30, 1964, at approximately 11:00 o’clock P.M. at a point near the front of the residence of Casimir Brous-sard. Prior to the accident, Mr. Brous-sard had observed plaintiff proceeding south along the west shoulder of the road which passes approximately 50 feet in front of Mr. Broussard’s residence. Mr. Broussard testified that he had retired to his bedroom when he heard a noise in his yard; he got out of bed, looked out of the front window, and saw plaintiff weaving or wobbling along the shoulder of the highway approaching Mr. Broussard’s home. At no time did Mr. Broussard see the plaintiff stagger onto the paved portion of the highway. He saw one car pass the plaintiff and then observed the Du-chaine vehicle approaching from the north heading toward New Iberia. At that time, plaintiff passed out of Mr. Broussard’s view.
Mr. Broussard testified that he was then returning to his bed when he heard a noise which he found was the sound of the Duchaine vehicle striking the plaintiff. He stated that by the time he got outside everything was finished, “He was gone”, and the police had arrived.
Mr. Broussard stated that he did not see a car approaching from the direction of New Iberia at the time of the accident. However, due to his delay in getting to the scene it is understandable that he may not have seen such a vehicle if in fact one existed.
Mr. Lester Bernard, a deputy sheriff who investigated the accident, said he found a mob of people at the scene when he arrived shortly after 11:00 P.M. The plaintiff was lying on his right side, partially on the pavement and partially on the shoulder of the road, more or less parallel to the pavement. The Duchaine vehicle was some distance past the point where plaintiff was lying, and had left 75 feet of almost straight skid marks in the southbound traffic lane. The car veered gradually toward the center of the highway near the end of the skid marks. This officer estimated that the point of impact was near the beginning of these skid marks.
The right headlight, right hood or right front fender, right windshield and the radio antenna which is located on the right side of the vehicle were all damaged. There was no evidence that the vehicle left the travelled portion of the highway either before or after the impact. Although the pavement on the highway was dry, the shoulder of the road was wet because of a recent rain.
Young Duchaine testified that he met a car coming from the direction of New Iberia toward St. Martinville, and that the two vehicles passed each other about 100 *734 feet before the point where he struck the plaintiff. He stated that he saw plaintiff just before the impact and that plaintiff appeared to be jumping at his car. Plaintiff was driving 35 mph at the time and testified that he immediately applied his brakes. He was not certain as to whether the brakes reacted before the impact. After the collision, the youth stated that he got out of his car, went back and observed the plaintiff, then went to the home of Mr. Broussard, knocked, and asked Mr. Broussard to call an ambulance, stating to him that he had hit someone.
The plaintiff was called to testify and stated that he had had several beers earlier in the evening and thereafter attended a wake at a funeral home in St. Martinville. He stated that he was walking back toward New Iberia when he saw the Du-chaine vehicle approaching from the direction of St. Martinville and that he attempted to hitch a ride in the Duchaine vehicle. It was his statement that he was some three feet from the paved portion of the highway; that he turned to flag the car and was hit while walking backwards. He further testified that immediately before being struck he turned and looked over his left shoulder to see where he was stepping; that when he turned back he was struck.
Plaintiff admitted that he was staggering from side to side along the shoulder of the highway. He also stated that cars had passed him going toward St. Martin-ville at the same time that young Du-chaine was in the area of the accident.
The evidence indicates that plaintiff was dressed in dark clothing and that the area where the accident happened was poorly lighted. Nothing in the record indicates that young Duchaine left the paved portion of the highway. As a matter of fact, the evidence points to the fact that the plaintifff was on the paved portion of the highway in a less than sober condition at the time he was struck.
The trial court concluded in well written reasons for judgment that plaintiff had failed to prove by a preponderance of the evidence that Paul J. Duchaine, Jr., was guilty of negligence. We agree with this conclusion and find that the sole proximate cause of this accident was the negligence of plaintiff in either walking along the travelled portion of the highway or staggering onto it immediately in front of the Duchaine vehicle.
The judgment of the trial court is hereby affirmed.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.