CULPEPPER, Judge.
This is a suit for damages for personal injuries. Plaintiff, a pedestrian, was crossing a street in the city of Lafayette when she was struck by a station wagon owned by the defendant, Orkin Exterminating Company, and being driven at the time by its employee, Andrus J. Duhon. Continental Casualty Company is Orkin’s insurer. A jury rendered verdict in favor of defendants. Plaintiff appealed.
There is little question that plaintiff was contributorily negligent. The principal issue is whether the Orkin driver had the last clear chance to avoid the accident.
The scene of the accident is “four-corners”, a heavily traveled intersection in a business district in Lafayette, At this intersection, U. S. Highway 90 runs east and west and contains three lanes. Old Louisiana State Highway 167 runs north and south and has four lanes. Traffic goes in both directions on each highway and is controlled by a traffic light.
On the morning in question, April 27, 1965, at about 7:00 a. m., Mrs. Royer, who was 67 years old at the time of the accident, was in a restaurant on the northwest corner of the intersection. She left the restaurant, intending to walk across Highway 167 to the northeast corner of the intersection. A Ford panel truck was stopped, facing south, on the inside lane of Highway 167, waiting for the traffic signal which was red. Mrs. Royer says that since this truck was close to the intersection she decided to walk behind it. When she *785 had emerged from behind the track and reached a point somewhere near the center of the two northbound lanes of Highway 167, she was struck by the station wagon driven by Orkin’s employee. Mrs. Royer says that before entering the northbound lanes of Highway 167 she looked in both directions, but did not see the Orkin vehicle at any time before the accident.
Orkin’s driver testified that he was stopped on Highway 90, facing east, waiting for the traffic light. When the light turned green, he made a left turn onto the northbound lanes of Highway 167. Suddenly he saw Mrs. Royer come out from behind the panel truck into his path. Duhon applied his brakes and swerved to the right but was unable to avoid the accident.
There is little question that Mrs. Royer was contributorily negligent. Under some circumstances vehicles must yield the right of way to pedestrians who are crossing the roadway within a cross-walk marked for pedestrians.[1] However, the plaintiff here was crossing the highway at a point other than a cross-walk. The evidence shows that Mrs. Royer suddenly emerged from behind the panel truck at a time when defendant’s driver was unable to avoid the accident. Under the circumstances, it is clear that Mrs. Royer was contributorily negligent.
Duhon did not have a last clear chance to avoid the accident. Applicable here are those cases which hold the doctrine of last clear chance does not apply where a pedestrian suddenly walks from behind a parked automobile into the path of a lawfully approaching motorist, who cannot avoid the accident with the exercise of reasonable care. Soileau v. New Hampshire Insurance Company, 160 So.2d 793 (La.App.3rd Cir. 1964) ; Honora v. Wartelle, 207 So.2d S90 (La.App.3rd Cir. 1968); Newton v. Cousin, 182 So.2d 685 (La.App. 1st Cir. 1966); Sciortino v. Songy, 198 So. 2d 422 (La.App.); Rushing v. State Farm Mutual Automobile Insurance Company, 180 So.2d 110 (La.App.).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.

. LSA-R.S. 32:212; Mahne v. Steele, 32 So.2d 761 (Orleans Appeal 1948); Prine v. Continental Southern Lines, 71 So.2d 716 (La.App.)