220 So.2d 209 (1969)
Annabelle CALAIS, Plaintiff and Appellant,
v.
Dalton THIBODEAUX, Jr., et al., Defendants and Appellees.
No. 2629.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1969.
Rehearing Denied April 2, 1969.
Writ Refused May 9, 1969.
Domengeaux, Wright & Bienvenu, by W. Paul Hawley, Lafayette, for plaintiff-appellant.
Voorhies, Labbe, Fontenot, Leonard & McGlasson, by David Foster, Lafayette, C. Thomas Bienvenu, Jr., St. Martinville, for defendants-appellees.
Before HOOD, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a wrongful death action. Plaintiff is the mother of Felton Calais, who, while walking on a rural highway at night, was struck and killed by a vehicle driven by the defendant, Dalton Thibodeaux, Jr. From an adverse judgment, the plaintiff appealed.
The substantial issue is whether Thibodeaux was negligent in failing to see the deceased in time to avoid the accident.
The pertinent facts are set forth in an excellent written opinion by the trial judge as follows:
"Just preceding the accident the motorist, Dalton Thibodeaux, Jr., was returning home from Breaux Bridge. His home is located approximately one mile past the scene of the accident.
"He was traveling on Highway 31, which is a blacktop, country road, with shoulders covered with shell about five feet *210 wide on each side. Thibodeaux caught up with another car traveling in the same direction some distance before he reached the scene of the accident. There were some slight curves in the road so he followed the preceding automobile until they reached a straight stretch. He then decided to overtake the vehicle and signaled his intention to do so by blinking his lights. He then gradually went into the passing lane and proceeded to overtake the vehicle. They had been traveling about forty-five miles per hour, and Thibodeaux increased his speed about five to ten miles per hour while he was overtaking the vehicle ahead.
"When he was about even with the vehicle, he ran into Felton Calais, the pedestrian. He testified that he did not see Calais until after striking him and only saw his back go by along his left fender.
"He, as well as the driver of the car he was overtaking, immediately stopped and rendered Calais whatever aid they could. An ambulance was summoned. It soon arrived and although Calais was breathing when placed in it, he was dead when he reached the hospital.
"The car that Thibodeaux was overtaking was a Sheriff's car on patrol. It was being driven by Deputy Sheriff Alvin Dugas. Mr. Dugas corroborated Thibodeaux's testimony in every particular, and added that he was keeping a sharp lookout on the road, as that was one of the purposes of his mission. He said he did not, and could not, see Calais until they were about forty to fifty feet from him. The cars were then approximately even in the passing maneuver.
"He said that when he saw Calais, Calais was walking north in the left lane with his head down and both of his hands hanging down in front of him at a distance of about three feet from the edge of the blacktop. He said that the reason that Calais was hard to see was because he was wearing dark clothes and was a small Negro man.
"He also, of course, immediately stopped, and went with Thibodeaux to look for Calais. Even with the aid of a portable searchlight that he carried in his car, Calais' body was hard to find, although it was on the edge between the ditch and the shoulder a few feet from where he was struck. His dark clothes and complexion made him difficult to see.
"The night was cold, dry, and dark."
The district judge found the defendant motorist free of negligence.
The general rule is that a night motorist has the duty to avoid striking objects in the road ahead. However, this rule is subject to the exception that he is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which is difficult to see and which he had no reason to anticipate he would encounter on the highway. Gaiennie v. Cooperative Produce Company, 196 La. 417, 199 So. 377; Dodge v. Bituminous Casualty Corporation, 214 La. 1031, 39 So.2d 720; Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909 (1956); Brunson v. Royalty Indemnity Company, La.App., 166 So.2d 656.
The exception has been applied in several cases where a night motorist failed to see a pedestrian on the highway wearing dark clothes. For instance, in the recent case of Odom v. State Farm Mutual Automobile Association, La.App., 203 So.2d 752 (3rd Cir. 1967) we held under similar circumstances that a night motorist was free of negligence where he was passing another vehicle and struck two men who were near the center of the highway attempting to move a dead hog. In Jacquet v. State Farm Mutual Automobile Insurance Company, La.App., 208 So.2d 732 (3rd Cir. 1968, writ of certiorari refused) a night motorist struck a pedestrian who was either walking along the traveled portion *211 of the highway or staggered onto it immediately in front of the vehicle. We held the motorist free of negligence. The facts showed that the pedestrian was dressed in dark clothing and the accident occurred in a rural area. See also White v. Employers Liability Assurance Corporation, La.App., 210 So.2d 580 (4th Cir. 1968); Bourg v. Central Mutual Insurance Company, La.App., 157 So.2d 591 (2nd Cir. 1963); Benjamin v. Southern Farm Bureau Casualty Company, La.App., 113 So.2d 19 (1st Cir. 1959) and Rushing v. State Farm Mutual Automobile Insurance Company, La.App., 180 So.2d 110 (2nd Cir. 1965).
The thrust of plaintiff's argument on appeal is that the cited jurisprudence has no application here because the deceased was walking on the left side of the highway, facing approaching traffic, in compliance with LSA-R.S. 32:216(B). Plaintiff cites cases holding that a pedestrian has the same right to use a public highway as a motorist, Davis v. Surebest Bakery, La.App., 38 So.2d 624. She argues that the deceased in the present case had a right to be on the highway, was complying with the rules of the road for pedestrians and hence the defendant motorist should have seen him in time to avoid the accident.
In our view, plaintiff's argument does not negate the application of the rule established in the above cited jurisprudence. This Negro pedestrian, without a light, wearing dark clothes and walking down the main traveled portion of the highway at night, was very difficult, if not impossible, to see. He was also an unusual and unexpected obstruction. This was a rural area where there are few pedestrians. The speed limit is 60 miles per hour. The average motorist would not expect a pedestrian to exercise so little care for his own safety. The best evidence of these facts is that two motorists, both of whom were driving with reasonable care and prudence, actually did fail to see the deceased until they were a few feet from him.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.