FRUGÉ, Judge.
In this personal injury suit, plaintiffs appeal from the trial court’s judgment on the merits in favor of defendant, dismissing plaintiffs’ suit.
Defendant moved to dismiss plaintiffs’ appeal, based on the absence, from the record of the trial judge’s order that the plaintiffs be allowed to file this suit in forma pauperis, and the resulting failure of plaintiffs to perfect their devolutive appeal by the timely filing of an appeal bond. La.C.C.P. art. 2087; Orrell v. Southern Farm Bureau Cas. Ins. Co., 248 La. 576, 180 So.2d 710 (1965). The trial judge has ordered, however, that the record in this suit be supplemented with a certificate of the Deputy Clerk of the Thirteenth *277 Judicial District Court for the Parish Evangeline that he “personally remembers and recollects” that by proper pleadings the plaintiffs were initially granted by the trial judge the right to proceed in forma pauperis, but that these pleadings were erroneously omitted from the record, and that he has been unable to locate them. Based on this affidavit, it appears that plaintiffs’ appeal, since it was in forma pauperis, was perfected upon the signing of the order granting it. La.C.C.P. art. 5185. The motion to dismiss the appeal is therefore denied. of
Clinton Guillory and his former wife, Láveme West Guillory, brought suit individually and as administrators of the estate of their four-year-old son, Chauncey, against Mrs. Onedia F. Johnson and her insurer, State Farm Mutual Automobile Insurance Company. At the commencement of trial, the Guillorys dismissed their suit against Mrs. Johnson, and only State Farm remains as defendant.
The suit arises out of injuries incurred by Chauncey when, on August 3, 1967, he was run over by an automobile driven by Mrs. Johnson.
The trial court did not assign reasons for judgment. It apparently concluded that Mrs. Johnson was not negligent in failing to see Chauncey as he ran from a playground, behind his mother’s automobile, and, despite the watchfulness and careful driving of Mrs. Johnson, into the right rear of Mrs. Johnson’s car. There is ample evidence in the record to support the trial judge’s apparent findings. There is conflicting testimony concerning the location of Mrs. Guillory’s automobile at the time of the accident, and whether Chauncey ran between his mother’s vehicle and the approaching car of Mrs. Johnson, but the trial judge apparently believed Mrs. Arcile Soileau, an independent eye-witness who saw the accident from her home across the street from the playground.
In the absence of manifest error, an appellate court should not disturb the evaluation of the accuracy of witnesses by the trier of fact. Kendrick v. Duconge, 236 La. 34, 106 So.2d 707 (1958) ; Orlando v. Polito, 228 La. 846, 84 So.2d 433 (1955); Sandel v. Travelers Ins. Co., 225 So.2d 736 (La.App.3d Cir. 1969); Fontenot v. Snow, 149 So.2d 172 (La.App.3d Cir. 1963). We find no manifest error in this case.
The conclusion that the driver of an automobile is free from negligence when a child runs from a place of concealment into the side — and particularly into the rear — of his automobile is clearly supported by the jurisprudence. In Layfield v. Bourgeois, 142 So.2d 799, 801 (La.App.3d Cir. 1962) we stated:
“[A] motorist is not an insurer of the safety of children playing near the street. If the motorist is proceeding at a lawful and reasonable speed and obeying all of the rules of the road as to proper lookout etc. he will not be held liable where a child suddenly darts or runs into his path from a concealed position in such manner that the motorist is unable to avoid striking the child.”
The case of Sciortino v. Songy, 198 So.2d 422 (La.App.4th Cir. 1967), faced a similar question. In that case, the driver of an automobile was held free of negligence when a nine-year-old boy darted from behind a parked automobile and ran into the right front of his car. In this case, involving a smaller child running into the rear of defendant’s automobile, there appears to have been even less likelihood that Mrs. Johnson could have seen Chauncey until it was too late to avoid the accident.
For the reasons above stated, the judgment of the trial court is affirmed, at plaintiffs-appellants’ cost.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., not participating.