LANDRY, Judge.
Plaintiffs-appellants, Lewell Knight and Effie Branch Knight, have taken this appeal from the adverse judgment of the trial court rendered in a boundary action brought by appellants. We affirm the judgment rendered below.
Named defendants are Edmond Crain, whose property borders on the northern portion of appellants’ eastern boundary, and Herman Seal, whose estate abuts the southern portion of plaintiffs’ eastern boundary.
It is conceded by all concerned that the common boundary between plaintiffs’ and defendants’ lands is fixed in their respective deeds of acquisition as the Old Cov-ington Road. It is also acknowledged that the sole issue to be resolved in this controversy is a factual determination of the location of the Old Covington Road.
Pursuant to plaintiffs’ petition, the trial court appointed Robert A. Berlin, registered surveyor to establish the disputed boundary. Mr. Berlin’s proces verbal does not fix the boundary in question. It reflects that the surveyor was unable to independently determine the dividing line and in lieu thereof he plotted three separate locations which were designated as the roadbed by the interested parties and certain elderly residents or former residents of the vicinity. The sites consist of: (1) a presently blacktopped highway running in a generally northerly-southerly direction; (2) a line west of the improved highway along which was found vestiges of a roadbed and traces of a bridge which formerly spanned a creek near the southern boundary of the properties involved, and (3) a line adjacent on the west to the two *275 lines described along which was located evidence of an abandoned roadbed and the remains of a former ford across the creek near the southern extremity of the estates concerned.
Approximately six years prior to institution of this action, plaintiffs had the line surveyed by R. R. Porter, Surveyor. Porter testified in substance that he was unable to fix plaintiffs’ eastern boundary as the Old Covington Road based on physical observation of the surrounding topography. Nevertheless, he established two separate lines as plaintiffs’ eastern extremity. The first such line was the result of his own investigation and endeavor. The second, and allegedly official line, was fixed with the assistance of two witnesses, namely, J. I. Blackwell and Houston Crain, both of whom were referred to Porter by plaintiff Lewell Knight. Porter’s line thus secondly established is located east of his line previously fixed. Mr. Porter conceded that the second line surveyed had the effect of extending appellants’ property.
Numerous local residents were called to identify the location of the Old Covington Road. It was stipulated that Sherd D. Crain would testify that the road in question ran east of the present hard surfaced highway and that part of the present road was constructed over the route of the Old Covington Road.
Mr. Rufus Branch and Mr. A. C. Kennedy testified in effect that the road concerned ran a northerly-southerly course on which was situated bridge pilings indicating where the road crossed a creek (Crain Creek) at the south end of the estates involved. Mr. Branch had no recollection of a ford across Crain Creek on the Old Cov-ington Road.
Plaintiff Lewell Knight testified in essence that the present blacktopped highway follows substantially the course of the Old Covington Road. He acknowledged, however, that evidence exists of another old road which apparently crossed the creek at a ford. In this respect, we note the stipulation to the effect that one J. I. Blackwell would testify that the road in question crossed the creek at a ford.
Messrs. C. A. Tynes, E. A. Tynes, Jesse Crain and Thomas Seal in substance testified that the Old Covington Road ran in a northerly-southerly direction and crossed Crain Creek at a ford. Mr. C. A. Tynes and Mr. Crain further testified that the road identified as the one which crossed Crain Creek over the site of the old bridge pilings was constructed long after the original Old Covington Road which crossed at the ford. These same witnesses pointed out to the court appointed surveyor, Berlin, vestiges of a nearby continuous roadbed leading directly to the site of the ford. In addition, C. A. Tynes stated that as a young man living in the vicinity, he had often crossed Crain Creek at the ford while traveling upon the Old Covington Road. Mr. Crain also stated that the road which crossed Crain Creek where the bridge pilings are situated was often referred to as the Franklinton Road.
It was testified by Mr. Thomas Seal that the ford was on the site of the Old Cov-ington Road. He also testified evidence of the ford was still visible in the form of poles used to provide traction for vehicles passing through the bogs at the ford.
The trial court concluded the preponderance of evidence militated in favor of the determination that the most westerly site, the one which crossed Crain Creek at the ford, was the location of the Old Covington Road. Accordingly, the court below established this northerly-southerly line as the eastern boundary of plaintiff’s property and the western boundary of defendants’ lands.
It is well settled that factual determinations of a trial court will not be disturbed in the absence of a showing of manifest error. Guillory v. Johnson, La.App., 238 So.2d 276, and cases therein cited.
We find no error whatsoever on the part of the trial court. Rather, we concur in *276 the conclusion reached below on the sole determinative factual issue presented in this case.
The judgment of the trial court is affirmed at appellants’ cost.
Affirmed.