CULPEPPER, Judge.
This is a wrongful death action. Plaintiff is the surviving widow of Ewell L. Frank, Jr. While walking along a highway at night, he was struck by an automobile driven by Hansen J. Milligan, and insured by the defendant, State Farm Mutual Automobile Insurance Company. The district judge awarded plaintiff the policy limit of $5,000. Defendant appealed.
The issues are (1) negligence on the part of the motorist, (2) contributory negligence on the part of the deceased pedestrian, and (3) the applicability of the doctrine of last clear chance.
The accident occurred on a two-lane, two-way highway of asphalt construction, approximately 20 feet in width and in a rural area where the speed limit is 60 miles per hour. The motorist was driving at a speed of 35 to 40 miles per hour in his proper right-hand lane of traffic, with his lights on. At about the same time, he and a passenger on the front seat saw the decedent walking along the right-hand side of the pavement. The driver applied his brakes and left skidmarks, but was unable to avoid striking the pedestrian.
The decedent was walking to 2 feet from the edge of the asphalt and was struck by the right front fender of the automobile. He was a negro and was wearing dark colored clothing.
In the recent case of Calais v. Thibodeaux, 220 So.2d 209 (La.App. 3rd Cir. 1969), we stated the applicable law as follows :
“The general rule is that a night motorist has the duty to avoid striking objects in the road ahead. However, this rule is subject to the exception that he is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which is difficult to see and *103 which he had no reason to anticipate he would encounter on the highway, (citations omitted)
“The exception has been applied in several cases where a night motorist failed to see a pedestrian on the highway wearing dark clothes. For instance, in the recent case of Odom v. State Farm Mutual Automobile [Insurance Co.] Association, La.App., 203 So.2d 752 (3rd Cir.1967) we held under similar circumstances that a night motorist was free of negligence where he was passing another vehicle and struck two men who were near the center of the highway attempting to move a dead hog. In Jacquet v. State Farm Mutual Automobile Insurance Company, La.App., 208 So.2d 732 (3rd Cir. 1968, writ of certiorari refused) a night motorist struck a pedestrian who was either walking along the traveled portion of the highway or staggered onto it immediately in front of the vehicle. We held the motorist free of negligence. The facts showed that the pedestrian was dressed in dark clothing and the accident occurred in a rural area, (citations omitted).
* * * * * *
“In our view, plaintiff’s argument does not negate the application of the rule established in the above cited jurisprudence. This Negro pedestrian, without a light, wearing dark clothes and walking down the main traveled portion of the highway at night, was very difficult, if not impossible, to see. He was also an unusual and .unexpected obstruction. This was a rural area where there are few pedestrians. The speed limit is 60 miles per hour. The average motorist would not expect a pedestrian to exercise so little care for his own safety.”
In the Calais case, supra, writs of certio-rari were denied by our Supreme Court, 254 La. 15, 222 So.2d 67, with a notation “On the facts found by the Court of Appeal there appears no error of law in its judgment.”
It is apparent that the law stated in the Calais case is applicable here. The facts are almost identical. We conclude the motorist was free of negligence.
Plaintiff argues the present case is distinguished from Calais since the highway on which this accident occurred is one on which stock are allowed to run at large, LSA-R.S. 3:2803, et seq. The argument appears to be that on such highways a motorist is required to maintain a sharper lookout than on non-stock roads. We find ho merit in this argument. Regardless of any difference in the duty of care required on open range and non-stock highways, the motorist in the present case was keeping a proper lookout and saw the pedestrian as soon as it was reasonably possible for him to do so.
In view of our finding that the motorist was free of negligence, it is unnecessary for us to consider the issues relative to contributory negligence and last clear chance.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now decreed that there be judgment herein in favor of the defendant, State Farm Mutual Automobile Insurance Company, rejecting plaintiff’s demands. All costs in the district court and on appeal are assessed against the plaintiff.
Reversed and rendered.