WATSON, Judge ad hoc.
This is an action for damages for wrongful death. The plaintiffs, Mrs. Emma Baker, widow of George Baker, and the children of George Baker, claim damages from Eli Landry and his automobile liability insurer, Stonewall Insurance Company of Birmingham, Alabama. Eli Landry is named defendant as the father of Barry Landry, who is alleged to be an un-emancipated minor.
*493 Plaintiffs’ petition alleges that on September 27, 1970 at about eight p.m. Barry Landry was driving a Mustang automobile on Louisiana Highway 10 when he undertook to pass a vehicle ahead and struck the deceased, George Baker, who was a pedestrian.
The defendants allege in their answer that the deceased was in the middle of the passing lane and that there was no negligence on the part of Barry Landry. In the alternative, the defendants allege that George Baker was contributorily negligent by reason of standing in the middle of the heavily traveled highway after dark.
The matter was duly tried but no arrangements were made by counsel for either side, by the Clerk of Court or by the trial judge for a court reporter to record and transcribe the testimony. In addition, no request was made by the appellants for a statement of facts as provided by Louisiana Code of Civil Procedure Article 2131, which reads as follows:
If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.
The trial court found for the defendants and signed a judgment on January 2, 1973, although no written reasons were assigned. Thus, the only evidence of any significance which appears in the record is a copy of the state police report which supports the version of the accident alleged by the defendants. Certainly, on the basis of the record before us, this court cannot undertake to disturb the judgment of the trial court. See Calais v. Thibodeaux, 220 So.2d 209 (La.App. 3 Cir. 1969), writ refused 254 La. 15, 222 So.2d 67 (1969) and Odom v. State Farm Mutual Automobile Insurance Company, 203 So.2d 752 (La.App. 3 Cir. 1967), writ refused 251 La. 739, 206 So.2d 92 (1968).
However, in passing, we will note that we cannot comprehend why the district court does not make suitable arrangements to have testimony recorded and transcribed. The year is 1973; not 1873. If there is some failure on the part of some other branch or agency of government to provide a court reporter and suitable recording facilities, then we suggest that it is well within the inherent power of the court to take the necessary steps to obtain suitable facilities. We think that this is a duty and a responsibility of the court, not simply an obligation of the litigants.
For the reasons assigned, the judgment of the trial court is affirmed, appellants to pay all costs.
Affirmed.