CULPEPPER, Judge.
This is a personal injury suit arising out of an accident in which an automobile struck several cows. Plaintiff, Mrs. Anna Bell Gauthier, is the mother of then 16-year-old Cynthia Gauthier, who was a guest passenger in the car and received personal injuries. The defendants named are: *628 James R. Savoie, owner of the cattle which wandered onto the highway and his liability insurer, Southern Farm Bureau Casualty Insurance Company; Tony R. Davis, the driver of the automobile; Claude Eagleson, in his capacity as sheriff of Cameron Parish, and his insurers, North River Insurance Company and International Surplus Lines Insurance Company; State Farm Mutual Automobile Insurance Company, the Gau-thiers’ uninsured motorist carrier; and the Cameron Parish Police Jury and its liability insurer, Commercial Union Insurance Company.
Prior to trial, James R. Savoie, the owner of the cattle and his insurer, Southern Farm Bureau Casualty Insurance Company, and State Farm Mutual Automobile Insurance Company were dismissed as a result of a settlement made by the plaintiff with these parties. Additionally, the Cameron Parish Police Jury and Commercial Union Insurance Company were dismissed from the suit prior to trial pursuant to the trial court’s upholding a Motion for Summary Judgment.
The jury found the following relevant facts:
(1) James Savoie, owner of the cattle, was not negligent. (2) Tony Davis, host driver, was not negligent. (3) The “red-rotating light” on the sheriff’s patrol car was defective. (4) The defective light was not a legal cause of the accident.
From a judgment dismissing her suit, plaintiff appeals.
Plaintiff states the following specifications of error in her brief:
“I. Was the Roadway Wherein the Accident Occurred “Open” or “Closed” Range?
II. Was Tony R. Davis, the Driver of the Automobile, Negligent?
III. Did the Jury Err in Not Finding That the Defective Light Was a Legal Cause of the Accident?”
An Exception of Prescription was filed by defendant-appellant Claude Eagleson and his insurers after the jury had been instructed but prior to their verdict. The trial judge did not rule on the exception. That exception has been refiled on appeal, and Claude Eagleson and his insurers have answered the appeal to protect their right to urge prescription on appeal.
GENERAL FACTS
The general facts are as follows: On the night of December 11, 1978, approximately 150 to 200 head of cattle owned by James R. Savoie escaped from a fenced pasture onto Trosclair Road in Cameron Parish. Sheriff’s deputies went to the scene in order to remove the cattle from the roadway. In their attempts to herd the cattle, the deputy sheriffs scattered some of the cattle which began to run in an easterly direction on the roadway.
At approximately 11:15 that night, Tony R. Davis was driving a vehicle owned by him in a west bound direction on the same road. Cynthia Gauthier was a guest passenger. The Davis vehicle collided with several cattle. As a result of this collision, Cynthia Gauthier was injured.
At the time of the accident, deputy sheriffs were present with a patrol car on the road attempting to round up the cattle. However, the flashing red light located on top of their vehicle was not functioning. It is admitted by the sheriff’s deputies that when they saw the Davis vehicle approaching they noticed that even though they had switched the red lights of their vehicle on and were moving down the roadway where the cattle were running, the red lights were not on. Only their headlights were on. The Davis vehicle passed them and collided with several cattle on the highway behind the patrol ear.
DID THE TRIAL COURT ERR IN GRANTING THE MOTION FOR SUMMARY JUDGMENT BY THE CAMERON PARISH POLICE JURY AND ITS INSURER?
Plaintiff contends the Cameron Parish Police Jury was negligent in two respects: First, that the Jury failed to pass a proper ordinance making the road upon which the accident occurred a “closed range.” *629 Secondly, that the Jury failed to post any signs along the road warning that this was an open range area and that cattle might be on the roadway. The jury admits there were in fact no such warning signs on the roadway in question.
The Police Jury filed a Motion for Summary Judgment based on affidavits and certified copies of two ordinances which clearly state that certain highways are not open range territory and in fact are closed range. This ordinance provides a penalty of having a violator’s cattle or livestock confiscated.
On appeal, plaintiff admits the road in question is located in the geographical area to which the ordinance applies. However, plaintiff contends the ordinance does not apply to cattle which escape from enclosed lands, even though the escape be caused by negligence of the cattle owner.
The Cameron Parish ordinance filed in evidence clearly states that cattle are forbidden on the highway in question. Therefore, there was no need for warning signs as to livestock.
Plaintiff contends there is a loophole in the ordinance which makes it legal for livestock to be on the highway which “may escape from enclosed land to said highway.” We disagree with plaintiff’s construction of this ordinance. A reading of the ordinance as a whole shows clearly that it does not sanction the presence on the roadway of cattle which have escaped from enclosed land, nor are the roadways “open” to such livestock. Instead, the ordinance only exempts from confiscation those cattle which have escaped from enclosed land.
Plaintiff introduced into evidence an affidavit of the attorney who drafted the ordinance for the Police Jury. This affidavit states the ordinance was intended only to prevent cattle owners from intentionally allowing their stock to graze and roam on the roads, and that it was not intended that the area be “closed range.” Regardless of this affidavit, it is clear from a reading of the ordinance itself that it prohibits the presence of cattle on the roadway. The affidavit of the drafter cannot control over the clear language of the ordinance.
We conclude the trial judge correctly sustained the Motion for Summary Judgment by the Cameron Parish Police Jury.
DID THE JURY ERR IN FINDING TONY R. DAVIS WAS NOT NEGLIGENT?
Plaintiff was asleep at the time of the accident, so she knew nothing as to its cause. Tony Davis testified he was in the west bound lane and had just come out of an S-curve and was driving between 50 and 60 MPH. He saw the headlights of a vehicle approaching him in the east bound lane. He saw no cattle anywhere. Immediately after he passed the car with the headlights on, he saw the cattle in the highway, but by that time it was too late to avoid the impact.
The two deputy sheriffs who were attempting to drive the cattle off of the highway testified they were in their patrol car headed east in the east bound lane trying to turn six head of cattle which had separated from the others and were running in an easterly direction. The patrol car was in front of the cattle. The deputies say they noticed the Davis car coming around the S-curve, and that it was traveling fast, but they were unable to estimate the speed. They said the car did not slow down. The Davis vehicle then went on past the deputies and they heard the noise as it struck the cattle behind them on the highway.
As stated above, these two deputies admitted that the flashing red lights located on the top of their vehicle were not functioning as Davis approached. They say the red lights had been working earlier that night, but had malfunctioned for some unknown reason.
Plaintiff argues that Tony Davis was negligent in failing to keep a proper lookout ahead and failing to see the cattle which he struck. Part of the argument is that this was “open range,” where motorists should anticipate cattle being on the highway and use greater care. Of course, this latter argument has no merit since we have al *630 ready concluded this was not an “open range” area.
The question is whether this case comes within the rule that a motorist has the duty to maintain a proper lookout for hazards on the road which by the use of ordinary care and observation he should be able to see in time to avoid running into them. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980) and the cases cited therein. This rule has been construed to mean that a night motorist is not charged with the duty of guarding against striking an unexpected or unusual obstruction which is difficult to see and which he had no reason to anticipate he would encounter on the highway. Calais v. Thibodeaux, 220 So.2d 209 (La.App. 3rd Cir.1969), writ refused 222 So.2d 67. As regards cattle in particular, the cases have held generally that where livestock are prohibited by law from roaming at large on the highway the duty of a motorist at night to see such animals is reduced. Vars v. Fidelity & Casualty Company of N.Y., 285 So.2d 377 (La.App. 3rd Cir.1973).
Under these jurisprudential rules, we cannot say the jury was clearly wrong in finding Davis free of negligence. He was driving on a highway in a closed range area at night, and was proceeding within the legal speed limit and in his own lane of travel when he saw the headlights of a vehicle approaching him in the opposite lane. He had no reason to slow down or stop when he saw the headlights of the deputies’ car. As he passed them, he was probably partially blinded by their headlights and failed to see the cattle in the highway behind the deputies’ car. We conclude the jury was not clearly wrong in finding Davis free of negligence.
WAS THE JURY CLEARLY WRONG IN FINDING THE DEFECTIVE RED FLASHING LIGHTS ON THE SHERIFF’S VEHICLE WAS NOT A LEGAL CAUSE OF THE ACCIDENT?
The deputy sheriffs testified it was standard procedure to turn on their flashing red lights to warn motorists of the presence of the patrol car or of some hazard on the highway. Thus, if the red lights on the patrol car had been working, Davis would have been warned of the presence of the deputies’ vehicle, but he would not necessarily have been warned of the presence of cattle or any other obstruction on the highway. One of the factors involved here is that the patrol car was moving in its own lane toward Davis. Even if the flashing lights on the patrol car had been working, it can be argued Davis would not have had a duty to slow down or stop.
We think there is a close question as to whether the jury was clearly wrong in finding the defective red-rotating light on the sheriff’s patrol car was not a legal cause of the accident. However, we find it unnecessary to decide this question because we conclude, for the reasons set out below, that the suit against the sheriff is prescribed.
THE EXCEPTION OF PRESCRIPTION OF ONE YEAR FILED BY THE SHERIFF AND HIS INSURERS
The exception of prescription filed by the sheriff and his insurers is based on the fact that he was not named as a party defendant in the main demand until January 13,1982, which was long after the expiration of one year following the accident on December 11, 1978.
In plaintiff’s original petition filed on December 10, 1979, she named as defendants James R. Savoie and his insurer, Southern Farm Bureau Casualty Insurance Company, and Tony R. Davis and State Farm Mutual Automobile Insurance Company, the uninsured motorist insurer for the Gauthiers. On January 13, 1982, plaintiff filed an amended petition naming as defendants in the main demand the Cameron Parish Police Jury and its insurer, and Sheriff Claude Eagleson and his insurers. Prior to trial, plaintiff settled her claim against James R. Savoie and his insurer, Southern Farm Bureau Casualty Insurance Company, and a judgment of dismissal was rendered on May 7, 1982 against these defendants, reserving all rights against other *631 defendants. Also prior to trial, plaintiff settled with State Farm Mutual Automobile Insurance Company, the uninsured motorist insurer, and a judgment was rendered on May 12, 1982, dismissing this defendant, reserving all rights against the other defendants. As stated above, the district judge granted the motion for summary judgment filed by the Cameron Parish Police Jury, and we have affirmed that action dismissing the Police Jury. In the jury’s verdict, which is included and made a part of the judgment appealed, the jury finds James R. Savoie was not negligent. No argument to the contrary is made by plaintiff in this appeal. For the reasons set out above, we affirm the judgment holding no liability on the part of Tony R. Davis. Thus, no defendant who was timely sued has been found liable, and the sheriff and his insurers cannot be solidarily liable with any defendant timely sued.
LSA-C.C. article 2097 provides that a suit brought against one debtor in solido interrupts prescription with regard to all. Jurisprudence construing this article has established the rule that a suit filed timely against one defendant does not interrupt prescription against another defendant not timely sued where the defendant timely sued is not found liable. This rule applies whether the defendants are named in the same suit, Fontenot v. Lucas, 228 So.2d 211 (La.App. 3rd Cir.1969), writ refused; Ward v. Aucoin, 222 So.2d 628 (La.App. 4th Cir.1969); or in separate suits, Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975). In Trahan, our Supreme Court gives a complete analysis of the rule that the timely filing of a suit against a defendant who is not found liable does not interrupt prescription of an untimely suit against a defendant who is alleged to be solidarily liable.
THE DECREE
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.