47 So.2d 59 (1950)
HAYWOOD
v.
FIDELITY MUT. INS. CO. OF INDIANAPOLIS, IND., et al.
No. 3270.
Court of Appeal of Louisiana, First Circuit.
June 29, 1950.
Huckabay, Seale & Kelton, Baton Rouge, for appellant.
Erlo J. Durbin, Denham Springs, Jos. A. Sims, Hammond, for appellee.
ELLIS, Judge.
This is a suit for damages in the amount of $10,000.00 brought by Stella Haywood against Wilton W. Pettit and his insurer, the Fidelity Mutual Insurance Company of Indianapolis, Indiana, for the death of a minor child, Cora Haywood, who was killed on Easter Sunday, April 17th, 1949 as the result of being struck by the car being driven by the defendant Pettit. The accident occurred on Louisiana Highway No. 35 approximately two and one-half miles west of Greensburg, Louisiana at a point directly in front of the Bolivar Kemp C. C. C. Camp where a road leading to the camp turns off of Highway 35 in a "T" intersection.
At the point of impact the black top is approximately eighteen feet wide, and according to the testimony the shoulders of the road are approximately six feet wide on both sides. There are apparently no obstructions on either side of the highway and the point at which the child was struck could be clearly seen by a motorist approaching from the west, as was Pettit, for a distance of approximately 1500 to 2000 feet. This is brought out by the fact that the attorney for the plaintiff and attorney for the defendants and the State Highway Trooper went to the scene on the day of the trial and the attorney for defendants by his failure to contradict such evidence admits that there were no obstructions and that there was nothing to prevent defendant Pettit from seeing any person who might be along the highway.
As in most cases of this kind there is some conflicting testimony as to exactly what transpired, all that transpired and when and how. However, the following facts are clearly established.
The deceased, who was 11 years and one month of age at the time of her death, her half sister, Lena Johnson, aged 16, her brother, Samuel, aged 9, and her sister, Clytee, 7 years, had been to church on this Easter Sunday and had caught a ride home with two Negro men who were both approximately 20 years of age. The car had come from the east along Highway 35 until it reached the road leading into *60 the C. C. C. Camp when it turned south onto the road and stopped approximately 15 feet from the edge of the south shoulder of Highway 35.
Some distance behind this car and going in the same direction was a pick-up truck being driven by Mr. Hamp Perkins, a white man who lives by the camp and south of the highway. Mr. Perkins had slowed his car to almost a standstill approximately 75 feet east of the point of contact. He testified that Pettit, the defendant, was driving his car from the west coming east toward him, and that the defendant Pettit blew his horn at a point some distance west of where the accident took place, the exact distance he did not know. He further testified that at the time of the approach of Pettit these children had gotten out of the car in which they had been riding and were standing along the side of the highway, and that the deceased, Cora Haywood, had "skipped" towards the highway for a distance of approximately 15 feet and directly into the car being driven by Pettit, and that the car struck her on its right front fender just above the wheel, throwing her some distance onto the ground where she died approximately ten minutes later without gaining consciousness. Some of the other witnesses testified that they at no time heard the horn blow.
Be that as it may, it is obvious that the defendant Pettit, had he been looking could easily have seen these children gathered along the side of the highway, and he should have brought his car under such control as to avoid any unexpected action on the part of one of the children. The defendant himself testified that as he came upon the scene of the accident he saw the truck belonging to Mr. Perkins which was in the north lane of traffic; that he removed his foot from the accelerator and blew his horn but that he continued at a speed of approximately 50 miles per hour. He further stated that he saw "some people" standing by the side of the highway although he says he thought they were all grown people. It is hard to understand how a person driving a car down a highway could see and remember the color of the truck so well, could look at a group of four people, the oldest of which was 16 and the youngest 7 and think that they were all grown. The defendant further testified that he did not see the deceased until after he had hit her, that he did not remember seeing her skip towards the road or into his car.
Our courts have held repeatedly that a motorist is presumed to have seen what he should have seen, and there was no reason why this defendant should not have seen these children. The evidence clearly establishes that this defendant proceeded into a dangerous situation involving children of tender and immature years in utter disregard of their safety and contrary to the settled jurisprudence of this State.
The defendant in his answer denies negligence on the part of the driver of the automobile, Pettit, and in the alternative pleads contributory negligence. Plaintiff raised the question of whether a child of 11 years one month of age can be guilty of contributory negligence and relies principally on the case of Guillory v. Horecky, 185 La. 21, 168 So. 481, 483. The defendant contends that this case is not applicable for the reason that in the Guillory case contributory negligence was not pleaded. However, it would seem to us that Justice Fournet in his opinion when he said: "In other words, taking the facts as found by the Court of Appeal, it is our opinion that under the law the defendant is liable, since the driver was guilty of negligence which contributed to the accident and the child was of such immature age and mentality as to be incapable of contributory negligence, which was not even pleaded," meant that the Supreme Court has held that in a case of this kind a child of 11 years, 1 month of age who had reached only the third grade in school was too immature to be guilty of contributory negligence and this conclusion seems to be concurred in by the Second Circuit Court of Appeal in the case of Stamps v. Henderson, 25 So.2d 305, even though in that case the defendant was held free of negligence.
*61 Under the factual set up in the instant case, the defendant Pettit had the last clear chance to avoid the accident, and even should this child be held guilty of contributory negligence the defendant violated all the rules of the road as set out by the jurisprudence of our state relative to children playing, standing, sitting or being along the public highways. This defendant is presumed to have seen what he should have seen, and under the holding in Jackson v. Cook, 189 La. 860, 181 So. 195, he should have brought his car under such control when he saw this imminent danger that the accident could have been avoided, and, also, under the many, many cases which have held that when a motorist sees a child of tender years along a highway he must bring his car under such control that an accident can be avoided regardless of any unexpected or expected action on the part of the child. See the cases cited under Guillory v. Horecky, supra, Stamps v. Henderson, supra. There was absolutely nothing to prevent the defendant Pettit from seeing these children.
Defendants rely upon the cases of Fontenot v. Freudenstein, La.App., 199 So. 677, and Gauthier v. Foote, La.App., 12 So.2d 9.
In the Gauthier case, the facts were entirely different in that the Court found that the children were behind a parked car and had been there from the time the defendant came upon the scene of the accident, and, therefore, he could not have seen them until they ran from directly behind the parked car into his car and was, therefore, not guilty of negligence, while in this case there was nothing to obstruct the view of the defendant.
In the Fontenot case the accident occurred in the City of New Orleans and the child, who was only 11 years old, walked diagonally across the street some distance and into the side of a slow moving automobile. The defendant in that case admitted seeing the child and based her defense on the proposition that it is customary for pedestrians to walk across the street in that manner and to walk to within a foot or two feet of the car and stop to permit it to pass, and she thought surely the child had seen her and would stop before it walked into the car. The Court apparently believed her story and based its decision on the ground that she could reasonably depend upon the child to stop before he walked into the side of the car, whereas in our case the defendant Pettit denies ever seeing this child whom he should have seen.
The trial judge gave judgment in the amount of $4,000.00 to the mother of the deceased child, who is a negress, a widow and the mother of six children and who is presently drawing $93.00 per month from the Department of Public Welfare. We do not feel that this is unreasonable and it is, therefore, ordered that the judgment be affirmed.