198 So.2d 726 (1967)
Mr. and Mrs. Noles CHERAMIE
v.
GREAT AMERICAN INSURANCE COMPANY.
Nos. 7007-7044.
Court of Appeal of Louisiana, First Circuit.
April 17, 1967.
Rehearing Denied May 29, 1967.
Gordon B. Hyde, Gerard M. Dillon, of Curtis, Foster & Dillon, New Orleans, for third party defendant American Insurance Co., appellee.
A. R. Christovich, Jr., of Christovich & Kearney, New Orleans, for appellee.
Before LANDRY, ELLIS and BAILES, JJ.
ELLIS, Judge.
This suit was originally filed by Noles Cheramie and his wife, Earline Leonard Cheramie, against Great American Insurance Company, insurer of Mrs. Velma Doucet Duet, asking damages for the death of their minor child, David Cheramie. David was killed on the 27th day of May, 1964, at about 6:15 p. m., when he was struck by a car driven by Mrs. Duet.
The evidence shows that Mr. Cheramie, David, and two little girls had been fishing from a pier extending from the shoulder of State Highway No. 308 into Bayou Lafourche. Highway 308 parallels the bayou on its east side, and, at the point where the pier is located, a slight peninsula of land juts out an additional 5 feet to the pier, which begins 16 feet from the edge of the pavement. The road runs approximately north and south at that point.
Mr. Cheramie testified that, just before the accident, they had stopped fishing and *727 were about to cross the road to go home. He stated that he was holding David by the hand, and that the two girls were holding hands with each other. He observed the road to be clear and told the girls to run across the road, which they did in safety. At that moment, David broke away from his father's grasp, picked up a pole which was lying on the ground, and began to fish again. His father took the pole away from him and put it down. David then began running diagonally across the road. Mr. Cheramie stated that he saw Mrs. Duet's vehicle approaching from the south about 150 feet away, and that he called to David to stop. David, however, continued to run and was struck by the left front fender of Mrs. Duet's car when he had reached a point in her lane of traffic two feet across the centerline, and about 45 feet from where his father was then standing, at the head of the pier. Neither Mrs. Duet nor her passenger ever saw David until he was struck by the car, and consequently Mrs. Duet took no evasive action at all. It seems uncontested that her speed was no greater than 35 miles per hour at any time.
The only other witness to testify, a Mr. Charpentier, who was driving a truck approaching from the north, confirms Mr. Cheramie's testimony in nearly all respects.
After suit was filed, Great American third partied Mr. Cheramie and his personal liability insurer, American Insurance Company, asking for contribution in the event it should be found liable, alleging Mr. Cheramie's negligence in failing to care for his child as a basis for same. Mrs. Cheramie then filed a supplemental and amended petition, in which she alleged, as an alternative cause of action, the negligence of her husband in the same respects as did Great American, and asking for judgment against American Insurance Company, as well as Great American. Issue was joined on all pleadings, and, after trial on the merits, two judgments were signed. The first, on August 5, 1966, dismissed the suit as to Great American; the second, on September 2, 1966, dismissed Mrs. Cheramie's demands as to American Insurance Company. Both judgments were appealed by plaintiffs, and Great American appealed the dismissal of the suit as to American Insurance Company so as to preserve its rights under the third party demand.
The main question presented by the appeal is whether or not Mrs. Duet was negligent in failing to observe young David, and in not bringing her vehicle to a stop or slowing so as to avoid the accident.
There can be no question that Mrs. Duet did not keep a proper lookout. Had she done so, she would have seen David Cheramie. It is a well settled principle of our law that a motorist is presumed to have seen what he should have seen. We must, therefore, determine whether, had Mrs. Duet seen what she should have seen, she could have avoided the accident which occurred. We might note, in passing, that the sudden emergency doctrine, which is, to some extent, relied on by defendant, cannot be applied in this situation since Mrs. Duet, in fact, never observed young David.
It is clear from the evidence that there was nothing to obstruct Mrs. Duet's view. The only estimate of her distance from the point of impact when the boy was running across the road is that of Mr. Cheramie, who testified that she was about 140 or 150 feet away when David, running toward the road, had just reached the edge of the pavement. He also testified that David was 45 feet from him when he was struck.
The total stopping distance required for a vehicle going 40 miles per hour is 115 feet. That required by a vehicle going 30 miles per hour is 73 feet. See Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 9C, § 6237, p. 413. Other exhibits in the record give comparable figures. A chart contained in 14 Tulane Law Review 503 gives a stopping distance, *728 under average conditions, of 83 feet at 30 miles per hour, and 132.8 feet at 40 miles per hour. An excerpt from the Driver's Guide published by the Department of Public Safety of this state gives the stopping distances of 79 and 126 feet at the above speeds. It would seem apparent that, had Mrs. Duet been keeping a proper lookout, she would have seen, while still 150 feet from the scene, a six year old child just running onto the edge of the pavement. The duty placed on her by the law in such a situation is to slow or stop her vehicle so as to avoid striking him. It is apparent that she had ample time to do so. We find that Mrs. Duet was negligent in failing to keep a proper lookout, and that this negligence was the proximate cause of the accident. There is no doubt that a child of such tender years can not be guilty of contributory negligence, and no such contention is made.
As we said in Haywood v. Fidelity Mutual Ins. Co. of Indianapolis, 47 So.2d 59 (La. App. 1 Cir., 1950):
Under the factual set up in the instant case, the defendant Pettit had the last clear chance to avoid the accident, and even should this child be held guilty of contributory negligence the defendant violated all the rules of the road as set out by the jurisprudence of our state relative to children playing, standing, sitting or being along the public highways. This defendant is presumed to have seen what he should have seen, and under the holding in Jackson v. Cook, 189 La. 860, 181 So. 195, he should have brought his car under such control when he saw this imminent danger that the accident could have been avoided, and, also, under the many, many cases which have held that when a motorist sees a child of tender years along a highway he must bring his car under such control that an accident can be avoided regardless of any unexpected or expected action on the part of the child.
See also Guillory v. Lemoine, 87 So.2d 798 (La.App. 2 Cir., 1956).
Having made the above finding, we must also consider the question of the alleged negligence of Mr. Cheramie. We find that the boy pulled away from his father's hand in order to continue fishing, and then suddenly ran from him when his father took the pole. By the time Mr. Cheramie turned around and discovered that David had run from him, he was already at the edge of the pavement, at least 16 feet away and probably more. We find no negligence on the part of Mr. Cheramie, and, consequently, no liability on the part of his insurer.
With reference to quantum, we find that an award of $10,000.00 to each parent is justified by the authorities. See, Fontenot v. Wood, 140 So.2d 34 (La.App. 3 Cir., 1962); Borey v. Rood, 140 So.2d 158 (La. App. 4 Cir., 1962); Brooks v. State Farm Mutual Automobile Insurance Company, 91 So.2d 403 (La.App. 2 Cir., 1956). Special damages totalling $472.93 were stipulated.
Accordingly, the judgment of the trial court is reversed, and there will be judgment in favor of Mr. and Mrs. Noles Cheramie and against Great American Insurance Company in the sum of $20,472.93, together with legal interest from date of judicial demand and all costs, and dismissing all demands against American Insurance Company.
Reversed and Rendered.