284 So.2d 839 (1973)
Mario MAGENTA
v.
FIREMENS FUND INSURANCE CO. et al.
No. 5601.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
*840 Dillon & Williams by C. T. Williams, Jr., New Orleans, for defendant-appellant.
John R. Frenkel, Metairie, for plaintiff-appellee.
Before SAMUEL, J., and CONNOLLY and DURAN, JJ., Pro Tem.
MELVIN J. DURAN, Judge Pro Tem.
At the intersection of Causeway Boulevard and Veterans Memorial Boulevard (Highway) in Jefferson Parish, vehicular traffic turns right by means of a separate turn lane just prior to the intersection. Automobiles using that turn lane do not have to wait for the changing signal light. Vehicles that turn right off of Causeway must, however, yield to the moving traffic on Veterans. After the turn maneuver is completed, the turning vehicle has an accumulation lane, a straight-away extra lane in which to remain until it is safe to mesh or merge into Veterans Boulevard.
Defendant Robert A. Cooper made such a turn off of Causeway onto Veterans and, while in the accumulation lane, collided with the plaintiff who was traveling on Veterans Boulevard, but who made a right turn in front of defendant to enter a gas station. The trial court rendered judgment in favor of plaintiff, holding that the defendant alone was guilty of negligence. Defendants have appealed.
In his reasons for judgment, the trial judge concluded that the accumulation lane was part of Veterans Highway and that defendant was obligated to yield to plaintiff. The photographs in evidence and the testimony of all witnesses establish the fact that the accident occurred entirely within the boundaries of the accumulation lane.
There was a "yield" sign facing the defendant as he traveled through the special turn lane, but the purpose of that "yield" sign was to give the through traffic on Veterans Highway the right to proceed unmolested by a vehicle turning off Causeway Boulevard. The "yield" sign facing the defendant did not give the plaintiff a preferred right to do anything except proceed along Veterans Highway. It did not give the plaintiff a preferred right of way to turn off of Veterans Highway across the accumulation lane to enter into a gas service station. The defendant was entirely within the accumulation lane; in an area where he had a right to be. He had yielded and was yielding to all traffic moving ahead on Veterans Highway. He had yielded to the plaintiff as the plaintiff approached and passed him on Veterans Highway. Defendant was moving ahead slowly, and in the process of looking back to see what other, if any, vehicles on Veterans he had to yield to. He had no way of knowing that the vehicle he had last yielded to would suddenly make a right angle turn across his path. The lane in which the accident occurred was there to permit vehicles turning off of Causeway Boulevard to accumulate until such time as it was safe for them to merge in with straight-moving traffic.
*841 The evidence is quite clear. The defendant automobile had turned, had passed the "yield" sign and had accumulated in the special lane and was yielding to Veterans Highway traffic. The impact and damage were slight. The plaintiff testified he did not even see the vehicle that was holding and yielding to him (and others) until the time of the impact. Plaintiff did not see what he should have seen; he did not maintain a proper lookout; he executed a right angle turn off of a thoroughfare across another lane of traffic without first ascertaining that it was safe for him to do so. Under such circumstances, the defendant's plea of contributory negligence should have been sustained.
"No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movementcan be made with reasonable safety." LSA-R. S. 32:104. See also Nesbit v. Travelers, La.App., 218 So.2d 396.
Before turning from a direct line upon a highway, a motorist must first see that such a movement can be made in safety. See Crane v. London, La.App., 152 So.2d 631. One who looks and does not see what he should have seen is in the same legal position as one who does not look at all. Naquin v. Callais, La.App., 191 So.2d 885. A driver is presumed to have seen that which he should have seen. Cheramie v. Great American Insurance Co., La.App., 198 So.2d 726.
"If [a driver] has neither sufficient time nor distance to execute his turning movement, he must refrain from doing so, until circumstances will permit its safe execution. The driver of the turning vehicle is charged not only with seeing what he should have seen, but further with proper evaluation and correlation of existing traffic conditions, as they relate to a prudent and judicious determination that the intended movement can be undertaken without interfering with, or causing damages to approaching vehicles." Saladino v. Bomati, La.App., 222 So.2d 625.
For the reasons assigned, the judgment appealed from is reversed, and plaintiff-appellee's suit is dismissed at his cost in both courts.
Reversed.