325 So.2d 741 (1976)
Charles WELCH
v.
Robert MAYHALL and the Aetna Casualty & Surety Company.
No. 10518.
Court of Appeal of Louisiana, First Circuit.
January 12, 1976.
*742 Robert S. Cooper, Jr., Baton Rouge, for appellant.
James E. Moore, Baton Rouge, for appellees.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
Plaintiff-appellant, Charles Welch, appeals the judgment of the trial court, denying his claim for damages against defendenats-appellees, Robert Mayhall and the Aetna Casualty & Surety Company, resulting from an automobile-pedestrian accident.
On September 5, 1973, defendant Robert Mayhall, and a friend, Charles Keith Brady, traveled from their home in Norco, Louisiana, to Baton Rouge to visit Brady's brother who was attending Louisiana State University. After their visit and on returning to Norco, defendant and Brady proceeded in a southerly direction down Highland Road in East Baton Rouge Parish. At a point approximately one-half mile north of the intersection of Highland Road and Louisiana Highway 327, the defendant Mayhall's 1972 Toyota automobile struck the pedestrian plaintiff, causing the damages complained of.
At the point of the accident, Highland Road is a two-lane asphalt surfaced roadway running generally in a north-south direction. The roadway is twenty-two feet wide, each lane being eleven feet in width. The area is mixed residential and commercial, with a Pak-A-Sak Convenience Store, *743 two service stations and a large shopping center on the east side of the road, and residences and trailer parks on the west side.
Plaintiff's version of the accident is as follows: At approximately 7:00 P.M. on the date of the accident, he left his home, which was located on the west side of Highland Road, crossed the roadway and walked up to the Pak-A-Sak Store. Before he left home, it had been raining heavily and he had waited to leave until the rain diminished. While plaintiff was at the Pak-A-Sak Store, it again began to rain heavily and he waited for the rain to stop. When the rain slacked to a drizzle, he left the Pak-A-Sak Store and proceeded down the east side of Highland Road until he reached a driveway in the shopping center diagonally across from his residence.
Plaintiff then walked diagonally onto the highway toward his residence, and he was struck on his right side by defendant's automobile in defendant's lane of travel at a point approximately two to three feet prior to completion of his crossing.
It is uncontroverted that the accident occurred during the hours of darkness at approximately 7:00 P.M.; that a drizzling rain was falling; that defendant was driving with his bright lights on and within the posted speed limit at thirty miles per hour; that defendant's automobile left no skid marks; and that defendant's automobile traveled approximately five to six feet past the point of collision before coming to a halt while still on the road surface. There were no vehicles directly ahead nor behind the defendant, and there was no oncoming traffic.
The plaintiff admitted to attempting to cross this heavily traveled road during a drizzling rain at a point where there was no intersection nor crosswalk. There were also no streetlights nor other illumination by which the plaintiff might have become more visible to approaching traffic. At the time of the accident plaintiff was wearing khaki pants and a plaid shirt and was carrying a brown paper sack.
The plaintiff testified that he looked for oncoming cars twice before entering the roadway, once on the shoulder before stepping onto the pavement and again prior to entering defendant's lane of travel. We observe here that it is obvious that he did not see the defendant either time.
Defendant Mayhall's version of the accident reveals that he saw plaintiff just one or two steps before he reached the yellow median line, and that plaintiff had his head down and was proceeding into defendant's lane of travel. At that point he estimated that plaintiff was approximately forty feet in front of his vehicle. The defendant testified that he instantaneously applied his brakes and blew his horn but it was too late. Brady, the guest passenger and the only witness to the accident, corroborated the defendant's version of the accident in its entirety.
Based upon the foregoing evidence and without written reasons, the trial judge found for the defendants, rejecting and dismissing plaintiff's suit at his costs. The expert witness fee of Dr. John Loupe was set at $75 and taxed as costs. From this judgment, plaintiff has appealed. We affirm.
Plaintiff's principal assignment of error is the failure of the trial judge to find that the defendant was negligent, and, alternatively, assuming that the plaintiff was negligent (which was denied), the failure of the trial judge to find that defendant had the last clear chance to avoid the accident.
We immediately dispose of plaintiff's contention that he was not negligent. Plaintiff was attempting to cross a favored highway in a unlighted area on a dark, rainy night where there was no crosswalk nor intersection, in violation of LSA-R.S. 32:213. That statute requires a pedestrian who is attempting to cross a roadway at any other point than within a marked *744 crosswalk or at an intersection to yield the right of way to all vehicles upon the highway. The plaintiff failed in his duty to yield the right of way to the defendant and was, therefore, negligent.
A more difficult question posed by the appeal is whether the defendant was negligent and/or had the last clear chance to avoid the accident.
To bolster his contention that defendant was negligent and/or had the last clear chance to avoid the accident, plaintiff called Alvin Doyle, Jr., as an expert automobile consultant and photographer, who gave testimony concerning speed and braking distances. Doyle used the defendant's own estimate of speed as well as the distance required by the plaintiff to cross the highway at average walking speed and concluded that at the moment plaintiff entered the roadway the defendant could and should have seen him and, furthermore, the defendant mathematically could have brought his vehicle under control in time to have avoided the accident.
The relevance of such testimony is weakened if we reject the premise that defendant should have seen plaintiff when he first stepped onto the roadway. As noted above, plaintiff emerged from a dark, unlighted area onto the highway where there was no crosswalk nor intersection at a time when visibility conditions were impaired by a drizzling rain. It is uncontradicted that at the moment the defendant first noticed the plaintiff, the defendant could not have avoided him.
We agree with plaintiff that the defendant was under a duty at all times to keep a vigilant lookout ahead. The failure to heed this duty constitutes negligence, and under the settled jurisprudence of this state, such failure imposes liability on persons in control of motor vehicles for injuries which they inflict upon less armored members of society who happen upon the roadway. Jackson v. Cook, 189 La. 860, 181 So. 195 (1938).
Furthermore, a motorist who looks and does not see what he should have seen in the exercise of reasonable care is in the same legal position as one who does not look at all, i. e., a driver is presumed to see that which he should have seen. Magenta v. Fireman's Fund Insurance Company, 284 So.2d 839 (La.App. 4th Cir. 1973); Cheramie v. Great American Insurance Company, 198 So.2d 726 (La.App. 1st Cir. 1967).
Beyond this point, the Court and the plaintiff part ways, for we are of the opinion that the defendant did well under the circumstances to have noticed the plaintiff as soon as he did and, accordingly, did not fail in his duty toward the plaintiff.
The "assured clear distance rule" is governed by the circumstances of the case. Craker v. Allstate Insurance Company, 259 La. 578, 250 So.2d 746 (1971); Murphy v. Allstate Insurance Company, 295 So.2d 29 (La.App. 2nd Cir. 1974), writ refused, 299 So.2d 787; Calais v. Thibodeaux, 220 So.2d 209 (La.App. 3rd Cir. 1969), writ refused, 254 La. 15, 222 So.2d 67; and Frank v. State Farm Mutual Automobile Insurance Company, 254 So.2d 102 (La.App. 3rd Cir. 1971). Therefore, we are not inclined to charge the defendant with the duty of having noticed the plaintiff the moment he stepped onto the highway. A motorist, particularly at night, is not charged with the duty of guarding against unusual or unexpected obstructions which he has no reason to anticipate he will encounter on the highway and which, under the circumstances, are difficult to discover. In addition, we are not impressed that the plaintiff's light colored clothing would have made him any more discoverable.
In finding that the defendant did not breach a duty toward plaintiff, we are under no necessity to discuss plaintiff's argument involving "last clear chance."
For the above reasons, the judgment of the trial court is affirmed, plaintiff to pay all costs of this appeal.
Affirmed.