341 So.2d 593 (1977)
John PARKER, Plaintiff-Appellant,
v.
CONTINENTAL INSURANCE COMPANY et al., Defendants-Appellees.
No. 13103.
Court of Appeal of Louisiana, Second Circuit.
January 10, 1977.
Kelly & Ware by Donald G. Kelly, Natchitoches, for plaintiff-appellant, John Parker.
Lunn, Irion, Switzer, Johnson & Salley by Richard H. Switzer and Jack E. Carlisle, Jr., Shreveport, for defendants-appellees, Continental Ins. Co. and John W. Price.
*594 Before HALL, MARVIN and JONES, JJ.
MARVIN, Judge.
A pedestrian plaintiff appeals from a judgment rejecting his demands for personal injury damages against the defendant automobile driver and his liability insurer. The issues are factual. We affirm.
The accident occurred immediately south of Bossier City on a clear, dry, dark night about 8:00 p.m. on U.S. Highway 71. Defendant was driving southerly in the westernmost southbound lane of the highway at about 45-50 miles per hour, within the speed limit, and with his lights on dim. The highway is four lanes, straight and level, separated by a neutral ground 45 feet in width.
Plaintiff ran from a position on the easternmost shoulder, and into the path of defendant's automobile. Plaintiff had been a guest passenger in an automobile which apparently had overheated and stopped on the northbound shoulder. He was crossing the highway to obtain water for the cooling system of the car from a retail establishment west of the highway. Plaintiff testified he had waited for other vehicles to pass before he started out into the highway and eventually into the path of the defendant's car.
Defendant testified that the pedestrian suddenly ran in front of him and that he did not have time to apply his brakes so as to cause the car to skid.
This area of the highway is sparsely populated but well traveled. Defendant and his guest passenger, plaintiff and his driver, and a state trooper who investigated, testified as to the liability issues and what was said by the parties or witnesses immediately afterward. The trooper testified that plaintiff was wearing clothing similar to a dark colored khaki-type work uniform.
A pedestrian attempting to cross a roadway at any other point than within a marked crosswalk or at an intersection is required to yield the right of way to all vehicles on the highway. Pedestrians are also charged with the responsibility of seeing what they should have seen in the exercise of due care. Plaintiff was clearly negligent under the circumstances here. R.S. 32:213; Ortego v. State Farm Mutual Automobile Ins. Co., 295 So.2d 593 (La.App. 3d Cir. 1974); Welch v. Mayhall, 325 So.2d 741 (La.App. 1st Cir. 1976).
Operators of motor vehicles are likewise under a duty to keep a vigilant lookout and to see that which he should have seen in the exercise of reasonable care. R.S. 32:214; Jackson v. Cook, 189 La. 860, 181 So. 195 (1938); Welch v. Mayhall, supra. A motorist, on the other hand, may assume the road is safe for travel and is not charged with the duty of guarding against unusual or unexpected obstructions which he has no reason to anticipate he will encounter on the highway and which, under the circumstances, are difficult to discover. Vowell v. Manufacturers Casualty Insurance Co., 229 La. 798, 86 So.2d 909 (1956); Welch v. Mayhall, supra.
The trial court resolved all factual issues against plaintiff. The record supports the trial court. Defendant cannot be held to have anticipated the unusuala pedestrian running or speedily walking across a four-lane well traveled highway into the path of his automobile. Defendant was simply not negligent in causing the accident.
Plaintiff also urges us to apply the last clear chance doctrine. This doctrine is applied to absolve a plaintiff of his negligence in cases where a defendant is negligent. The doctrine is not applied in cases where defendant is found not to have been negligent. Poret v. Spencer, 277 So.2d 689 (La.App. 2d Cir. 1973); Welch v. Mayhall, supra.
Factual determinations of the trial court are entitled to great weight by appellate courts. Canter v. Koehring, 283 So.2d 716 (La.1973).
At appellant's cost, judgment is
AFFIRMED.