MARVIN, Judge.
Plaintiffs, Mr. and Mrs. McLeod, appeal from a judgment rejecting their demands for damages arising out of a motor vehicle accident which occurred when Mrs. McLeod collided their family automobile into a truck-trailer rig which was being slowly backed across the street on which Mrs. McLeod was traveling. We find Mrs. McLeod to have been contributorily negligent under the circumstances and affirm the judgment.
The accident occurred about 6:30 a. m. during predawn twilight hours on a winter Saturday morning on Grimmett Drive, a four-lane street in an industrial area of Shreveport. Mrs. McLeod was driving southerly in the outside or westernmost lane of Grimmett Drive in the family automobile at a speed of about 25-30 mph. The speed limit is 35 mph. It was before sunup, but clear and dry, and the area was lighted with street lights. A Mrs. Stice was also proceeding southerly in her automobile in the inside of the two southbound lanes of Grimmett to the left, but slightly ahead, of Mrs. McLeod. The headlights of both automobiles were illuminated.
While these automobiles were proceeding southerly, defendant Woodel (employee of defendant R. A. Fowler Trucking Company) was backing the Fowler truck-trailer perpendicularly across the southbound lanes of Grimmett Drive towards the premises of Duggan Machine Company, Inc., on the west of Grimmett Drive, where the trailer was to be loaded with oil field equipment. Witnesses below included the truck driver and his swamper (a fellow employee), in addition to Duggan (the principal owner of the machine company) and its employee (Gardner), and an associate (Lars), all of whom were near the truck-trailer when the accident occurred. Each side of the truck-trailer was equipped with five lights and four reflectors (three reflectors and three lights being on each side of the trailer). The truck also had top clearance lights and a four-way flasher on its front and a four-way flasher on the rear of the trailer. These clearance lights and flashers could be seen from the side of the truck-trailer.[1] The flashers were engaged and operating and the headlights and taillights of the truck-trailer were also illuminated during the backing maneuver.
Witnesses estimated the speed of the truck to have been two to five miles per hour.[2] We shall assume arguendo, that the trucking company employees were negligent in obstructing the street for approximately 10 seconds during the backing maneuver without taking steps to warn traffic on Grimmett Drive of the obstruction.[3]
Mrs. Stice, traveling to the left of Mrs. McLeod and about the same speed, noticed particularly the beams of the headlights of the truck and stopped her automobile approximately 100 feet from the truck.[4] Mrs. McLeod, whose injuries prevented her re *1263 membering anything leading up to the accident, apparently did not see the tractor-trailer or any of its lights. Her automobile did not exhibit to the several witnesses any sounds or signs of its brakes being applied. It left no skid marks.
Mrs. McLeod had only minimal vision in one eye (able to distinguish light from dark) and had a bifocal lens for the other. She was not wearing her glasses at the time. She acknowledged that she has trouble seeing at night.
Mrs. Stice testified that she had noticed the McLeod vehicle following her in the adjacent lane for some distance before she recognized Mrs. McLeod as being a lady driver. Mrs. Stice made the recognition to alleviate her fear that a man was following her. About this time, their automobiles were negotiating a slight curve north of Duggan Machine Company. Southerly traffic can see “through” the curve for a minimum distance of 275 feet north of Dug-gan Machine Company. Other photographs and diagrams indicate that southerly traffic could see through the curve for a maximum distance of 640 feet. Coming out of the curve the view of southerly traffic is straight and entirely without obstruction for at least 195 feet north of Duggan Machine Company.
Mrs. McLeod was under a duty to see what an ordinarily prudent driver should have seen under the circumstances. Jackson v. Cook, 189 La. 860, 181 So. 195 (1938); Von Cannon v. State Department of Highways, 306 So.2d 437 (La.App. 3d Cir. 1975), Welch v. Mayhall, 325 So.2d 741 (La. App. 1st Cir. 1976). She could assume the street was generally safe for travel and did not have to guard against an unusual obstruction which she had no reason to anticipate and which would have been difficult to discover. Parker v. Continental Insurance Company, 341 So.2d 593 (La.App. 2d Cir. 1976); Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909 (1956); Welch v. Mayhall, supra. Mrs. McLeod had traveled this street many times and was familiar with the industrial character of this area of Grimmett Drive. Trucks and trailers, slowly entering or leaving industrial premises off Grimmett Drive, are relatively commonplace in the area, according to this record. Additionally, we find as did the lower court, the truck-trailer to have been adequately equipped with illuminated lights and with reflectors, and in that sense, it was not difficult to discover.
Counsel for plaintiffs urges Mrs. McLeod was not negligent because Mrs. Stice testified (1) that she saw only the headlights of the truck; (2) that she did not see the side lights or reflectors, and (3) that her automobile (to the left of and slightly ahead of Mrs. McLeod) blocked Mrs. McLeod’s observing the headlights of the truck. Mrs. Stice’s testimony does not avail plaintiffs. The truck-trailer was equipped with illuminated side lights and with reflectors in addition to the other lights mentioned. It should have been seen by a reasonably prudent motorist as it was not difficult to see. We are not concerned with whether Mrs. Stice saw less than she should have seen. The issue for our determination is whether Mrs. McLeod saw what a reasonably prudent operator should have seen under the existing circumstances. This factual issue was resolved below (and here) against plaintiffs. The lower court’s findings are entitled to great weight. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Mrs. McLeod’s failure in this respect bars plaintiffs’ recovery.
At appellants’ cost, judgment is
AFFIRMED.

. R.S. 32:308 requires truck-trailers of this type to have four lights and two reflectors on each side. The truck-trailer here had five lights (illuminated) and four reflectors on each side. No mud or other film obscured the lights.

. Our computations show it would have taken almost 14 seconds at two mph. and over seven seconds at five mph. for the truck to have traversed the 40 foot distance across the southbound lanes of Grimmett Drive. At 25 mph., Mrs. McLeod would have traveled 36.67 feet per second, or 256 feet in seven seconds. At 30 mph., she would have traveled 44 feet per second, or 308 feet in seven seconds.

. Plaintiffs also sued Duggan Machine Company, Inc. because of its alleged failure to warn of the obstruction. This defendant did not “control” or have the right to control the backing maneuver in theory or in practice. Under these circumstances, we do not find or assume this defendant negligent in any respect.

.The lower court said the record was “unclear” as to the distance separating Mrs. Stice and the truck-trailer when she stopped her car. The lower court also said it was not “at all satisfied” with Mrs. Stice’s testimony that she saw the beam of the headlights and stopped her vehicle in about “three feet.” One of the witnesses testified that 35 or 40 yards separated the two vehicles when Mrs. Stice came to a stop.