364 So.2d 1309 (1978)
Earline FITCH, Plaintiff-Appellant,
v.
Delbert EVANS et al., Defendant-Appellee.
No. 13657.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1978.
Rehearing Denied December 13, 1978.
*1310 Bruscato & Loomis by Albert E. Loomis, III, Monroe, for plaintiff-appellant.
Kostelka & Swearingen by Robert W. Kostelka, Monroe, for defendant-appellee.
Before BOLIN, HALL and JONES, JJ.
JONES, Judge.
Plaintiff appeals a judgment rejecting her demands for damages for personal injuries which she sustained as a pedestrian, as the result of an impact between her and a motor vehicle operated by defendant, Mrs. Evans.
The accident occurred adjacent to gasoline pumps on the premises of a convenience store. Plaintiff had entered the store and purchased cookies and soft drinks for a snack on the banks of a creek to which she was in route to go fishing. Mrs. Evans had driven up to the pumps located in front of the store to purchase gas. She had driven her car between the pumps and the store building. As she stopped at the pumps, the gasoline attendant advised her that the hose on the pump would not reach her tank on the back of the car. She was told to back out of her position, engage in a turning maneuver, and back the rear end of her car adjacent to the pumps. There were several cars parked and people standing in front of the store. The defendant was therefore required to make her backing maneuver in a congested area.
As Mrs. Evans prepared to back up she looked to her left and observed the plaintiff several feet away standing near the door of the store. Mrs. Evans turned her head to the right and looked over her shoulder through the rear glass of her automobile as she commenced to back. After she had backed a distance of a very few feet (estimated by the witnesses from 2 to 5 feet) she heard a pounding on the left side of her car and immediately stopped. She was advised *1311 that there had been a collision between her car and plaintiff.
Plaintiff and two of her friends who were accompanying her on the fishing trip testified that plaintiff had walked across the area between the gas pumps and the store directly to the rear of Mrs. Evans' parked car, at which time Mrs. Evans suddenly backed into plaintiff and injured her.
Plaintiff was not knocked down by the impact between her and the automobile, nor did she drop the items which she had purchased in the store, but she did lose one of her shoes as a result of the impact. One of plaintiff's friends testified he picked the shoe up from under the rear of defendant's car.
Mrs. Evans testified that at the time she stopped her car, plaintiff was standing on the left side of the rear portion of her vehicle. Mrs. Evans further testified that she had made constant and continuing observations through her rear window as she proceeded to back and was certain that no one had stepped into the path of her backing automobile. A disinterested witness testified that plaintiff walked into the side of Mrs. Evans' backing vehicle at the back fender near the rear wheel and rear bumper. This witness was in front of the store, looking directly at defendant's car and plaintiff when the accident occurred. He testified he picked up plaintiff's shoe near the left rear side of defendant's car.
The trial court found that the accident occurred when plaintiff walked into the side of Mrs. Evans' automobile, which finding he based upon testimony of the disinterested witness. Trial court made the following statement concerning this finding in its reasons for judgment:
"A factual dispute exists as to whether plaintiff had walked behind the car, was struck and knocked up on the rear trunk or had walked into the side of the car and was knocked backwards.
Since there are discrepancies in the testimony of plaintiff's witnesses, the Court accepts and relies on the testimony of James Williams, who was the only independent eye witness. Williams was emphatic that plaintiff was not struck by the rear of the Evans' vehicle, but had walked into the side of the car as it was slowly moving backward."
In the trial judge's written reasons for judgment, he made the following statement:
"The defendant saw plaintiff prior to the accident, at which time plaintiff was in a position of safety with no indication that her situation would change. At that time she looked over her right shoulder to keep watch on the path she intended to follow in backing. Her only negligence would consist in not keeping plaintiff in her view or in anticipating the movements of plaintiff.
On the contrary, plaintiff's testimony that she was already behind the car when it started backing is disproved by the testimony of the eye witness. The Court, as stated above, concludes that she was contributorily negligent by failing to observe the car start up and by walking into the side of it. By proper observation, she should have seen the car's motion and taken evasive action.
In this situation, the Court feels that the proximate cause of the accident was plaintiff's negligence. The parties had an equal duty of care unlike that in the Baumgartner case.
Under these circumstances, defendant is entitled to plead the contributory negligence of plaintiff. Any last clear chance to avoid the accident belonged to plaintiff."
Plaintiff assigns as error: (1) trial court's finding that plaintiff was contributorily negligent and (2) trial court's decision that contributory negligence of a pedestrian did as a matter of law bar her recovery in a pedestrian-automobile collision.
Plaintiff strenuously contends that she was injured while walking behind Mrs. Evans' car rather than when she walked into the side of it. The following controlling guidelines of appellate review contained in Canter v. Koehring Co., 283 So.2d 716 (at page 724) (La.1973) are determinative of this issue:

*1312 "When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts."
We find no manifest error in the trial court's factual finding that the accident occurred when plaintiff walked into the side of Mrs. Evans' moving automobile.
Plaintiff relies on the recent case of Baumgartner v. State Farm Mutual Auto Ins. Co., 356 So.2d 400 (La.1978), as authority for her contention that contributory negligence cannot bar a pedestrian from recovery when he is injured due to the negligence of the motorist.
A careful study of this case compels the conclusion that contributory negligence is no longer a defense to a pedestrian's claim for damages sustained due to the negligence of a motorist, nor may a negligent motorist rely as a defense upon circumstances which establish that the negligent pedestrian may have had the last clear chance to avoid the accident.
The court in the Baumgartner case said:
"The operator of a motor vehicle, a dangerous instrumentality, has the constant duty to watch out for the possible negligent acts of pedestrians and avoid injuring them. A higher standard of care than that required of pedestrians is imposed upon the motorist commensurate with the hazards his conduct inflicts upon the public safety. Therefore, he should not be able to escape responsibility for injury to the pedestrian by pleading the latter's negligence. And since, in such case, a plaintiff's contributory negligence will not bar his recovery, the last clear chance doctrine, used to avoid the harsh effects of the contributory negligence defense, is not at issue." p. 406
Baumgartner does not require a motorist who was guilty of no negligence that contributes to the pedestrian's injuries to pay damages to the pedestrian merely because there occurred a motorist-pedestrian collision:
"It must be noted, however, that a motorist who exercises all reasonable care to protect a pedestrian, who nonetheless suffers injury, is not at fault." (at page 406)
While the trial judge used the words "contributory negligence" and "last clear chance" in his reasons for judgment, a careful study of his reasons reveal that he in fact found no negligence on the part of defendant, Mrs. Evans. He points out that just prior to the time of the accident that Mrs. Evans had observed plaintiff in a position of safety with no indication that her situation would change, and at this time Mrs. Evans looked over her right shoulder to watch her backing path "her only negligence consists in not keeping plaintiff in her view or anticipating movements of plaintiff." These findings of the trial judge are clearly supported by the record because Mrs. Evans testified that just prior to the commencement of her backing maneuver, she saw plaintiff standing near the door of the store. Mrs. Evans was required to observe the path of her backing maneuver and was not negligent in performing this all important duty rather than maintaining a constant watch to her left with her view upon plaintiff to determine if plaintiff was going to walk into the side of her automobile.
[3] The trial judge stated further:
"In this situation the court feels that the proximate cause of the accident was plaintiff's negligence." *1313 Though the trial judge used the terms "contributory negligence" and "last clear chance" we conclude from the totality of his written reasons he found that defendant was guilty of no negligence. Considering the factual findings of the trial judge, which are supported by the record, we concur in his determinations that the proximate cause of this accident was the negligence of the plaintiff.
Because Mrs. Evans was guilty of no negligence which contributed to the plaintiff's walking into the side of her slow moving car, the decision of Baumgartner does not require a decision in favor of a pedestrian under these circumstances. Plaintiff's claim for damages was properly rejected.
For reasons assigned judgment is AFFIRMED at plaintiff's cost.
HALL, J., dissents with written reasons.
HALL, Judge, dissenting.
I respectfully dissent.
Considering the split second involved from the time defendant's car started moving backwards to the time of the collision after the car moved only two to five feet, it necessarily is a fact that plaintiff was very close to defendant's car when it actually started moving. Defendant had a high duty of care to make sure the way was clear before she started to back up. She was negligent in failing to see plaintiff walking very close to the rear of the car on a path leading behind the stopped car.
Plaintiff was not negligent in starting to walk toward the rear of the stopped car. She was entitled to rely on the presumption that the driver would look carefully before backing up. When the car started backing up, the collision occurred almost instantaneously and plaintiff had no chance to avoid the accident.
Even if plaintiff was not entirely free of negligence, Baumgartner principles would mandate recovery. I would reverse and award damages to the plaintiff for her minor injuries.