372 So.2d 785 (1979)
Margie DUNN, Individually and as Natural Tutrix of Robert McCoy, Plaintiff-Appellant,
v.
Willie BOLDEN et al., Defendants-Appellees.
No. 13871.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1979.
*786 Samuel Thomas, Tallulah, for plaintiff-appellant.
Delta Legal Aid Services, Inc. by George Spencer, Lancaster, Baxter & Seale by John T. Seale, Tallulah, Hudson, Potts & Bernstein by Henry J. Miltenberger, Jr., Monroe, for defendants-appellees.
Before BOLIN, HALL and JONES, JJ.
BOLIN, Judge.
Plaintiff sued to recover damages she and her minor son sustained due to an automobile-pedestrian accident which seriously injured the son. Finding no negligence on the part of the automobile driver, the trial court dismissed plaintiff's demands. We affirm.
The accident occurred about dusk at the intersection of Pecan Street and Askew Street in Tallulah. The automobile was driven by a 17-year-old boy whose mother had purchased the car for him that day. There were four other passengers in the car, all younger children, two of whom were brothers of the injured child.
As the car approached the intersection the driver slowed almost to a complete stop, preparing to make a right turn. There was a group of children, including plaintiff's 9-year-old son, walking along the road at this intersection. Since some of the children were in the path of the intended right turn, the driver changed his mind and began accelerating the car forward. Just as the car passed the group of children, plaintiff's son grabbed the handle of the passenger side door and requested permission to enter the car. He then continued to run alongside the vehicle while several of the other children, both inside and outside of the car, urged him to release the handle. The driver was apparently unaware of the child clinging to the door handle and continued to accelerate until the car struck a hole, knocking the child into the moving vehicle and seriously injuring him.
Plaintiff sued the driver and his mother, the owner of the car. Cavalier Insurance Company, the driver's insurer, and the insurance agent or broker through whom the driver's insurance was obtained, were also made defendants. The insurance policy had been purchased earlier on the day of the accident and a dispute existed as to whether coverage began immediately upon payment to the agent or broker or whether it began upon acceptance of the application by Cavalier two days after the accident.
The trial court found the sole cause of the accident to be the negligence of the injured child. It found that due to the noise inside the car created by the car's radio and the frivolity of the young passengers, the driver was unaware of the child's actions. The court also found the child was fully aware his actions were dangerous and created a substantial risk of injury to himself. Finding no negligence on the part of defendant driver, the court dismissed plaintiff's demands. This finding made it unnecessary to decide the insurance coverage issue.
Plaintiff appeals contending the trial court erred in its failure to find the defendant driver negligent, its finding that the child was "contributorily negligent" and its failure to apply the doctrine of last clear chance.
We agree with the trial court that the driver of the car was not negligent in failing to observe the child clinging to the door handle of the moving vehicle. The driver's primary duty was to watch ahead to be certain the path of his moving vehicle was unobstructed. Fitch v. Evans, 364 So.2d 1309 (La.App. 2d Cir. 1978), and Parker *787 v. Continental Insurance Co., 341 So.2d 593 (La.App. 2d Cir. 1977). The driver performed this duty, changing his course of travel to avoid endangering the children in the intersection. Once he had safely passed the children he had no reason to expect one of the young pedestrians to act in such a reckless manner.
Plaintiff relies on the recent case of Baumgartner v. State Farm Mutual Automobile Ins. Co., 356 So.2d 400 (La.1978), as authority for her contention that contributory negligence cannot bar a pedestrian from recovery of damages sustained due to the negligence of a motorist. While this is an accurate statement of the law, it is also true that Baumgartner does not require a motorist who is free of negligence to pay damages to an injured pedestrian merely because an automobile-pedestrian collision occurred. Fitch v. Evans, supra. There must still be a finding of negligence on the part of the motorist before the pedestrian is entitled to recover.
While the trial judge used the phrase "contributory negligence" in his reasons for judgment, a careful study of his reasons reveals he found the defendant driver free of negligence. The judge, in discussing the injured child's testimony, said "... just the way he described the accident himself, and then to say what he understood about his conduct leads the court to believe that he was the sole cause of the accident..." Under these circumstances the rule of Baumgartner is inapplicable.
We also find the trial court was correct in refusing to apply the doctrine of last clear chance. This doctrine is only applied to absolve a plaintiff of his contributory negligence in cases where a defendant is negligent. Parker v. Continental Insurance Co., supra.
Having found no negligence on the part of defendant driver, we find it unnecessary to address the issue of insurance coverage.
The judgment is affirmed at appellant's cost.