BARRY, Judge.
Plaintiff appeals a jury verdict which dismissed her lawsuit for damages as a result of a fall in her daughter’s home. The facts are basically undisputed.
Mrs. Myrtle K. Poche was visiting her daughter, Ellen, who lived in a shotgun house with a kitchen in the rear. Ellen and her roommate owned two chihuahuas which were kept in the yard during the day and were brought inside each evening. The dogs slept in the kitchen and were restrained there by use of a three-part barricade. The first part, a wooden board, was placed on the floor across the doorway and was approximately ten inches high. A three foot square piece of wire hardware cloth secured to a wooden frame was placed against the board and a heavy chair placed against the board and wooden frame held it together. It was customary to let the dogs out in the morning and move the barricade from the doorway.
Only two witnesses appeared at trial. Mrs. Poche provided the circumstances leading to her accident and Dr. James T. Williams described her medical treatment.
Mrs. Poche testified that her daughter lived in this same house for five years, always kept dogs, and always used the barricade to keep the dogs in the kitchen overnight. Mrs. Poche had spent prior nights at her daughter’s home and the frequency of her visits was established as “occasionally”.
On April 30, 1978 Mrs. Poche slept at Ellen’s home. She awoke the next morning at approximately 6:00 a.m. and on the way to the bathroom noticed that the barricade was in place. Mrs. Poche returned to bed and a few minutes later Ellen told her mother she was leaving for work and that the dogs were in the yard. Ellen stated that her roommate was sleeping and asked her mother to put the dogs back into the kitchen if they began barking. About 7:30 a.m. Mrs. Poche heard the dogs barking, got out of bed, and attempted to go through the *1239 kitchen to the yard when she fell over the board which was still across the kitchen doorway. The larger wooden frame and chair had been removed. As a result of the fall Mrs. Poche suffered a fractured right arm which Dr. Williams testified resulted in a partial functional loss of the right shoulder.
Plaintiff urges that her daughter was negligent because the barricade’s potential to cause injury was foreseeable. Mrs. Poche also alleges that her daughter was additionally negligent when she specifically requested that the dogs be brought back into the kitchen but failed to warn that the lower board was in place which presented the most dangerous and least obvious obstacle. Plaintiff maintains she was free from negligence because she acted in a reasonable manner.
The defendant insurer agrees that Ellen had a duty to inform her mother of the barricade’s existence and the manner it was used. But defendant argues that the record clearly establishes this duty was fulfilled because plaintiff admitted she knew that her daughter had used the same barricade for the same purpose and in the same place for at least five years. Most importantly, and unfortunately, Mrs. Poche testified that she suffered a previous fall over this barricade in the identical location several years earlier.
The jury was not presented with interrogatories so we do not know how it resolved these facts in dismissing plaintiff’s lawsuit. However, we feel this barricade presented an obvious potential for injury which could be considered dangerous to unsuspecting persons, especially if the chair and screen board had been removed leaving the less conspicuous bottom board in place. Additionally, when the daughter requested plaintiff bring the dogs back into the kitchen she knew her mother would have to walk through the kitchen doorway, but she gave no warning to avoid the lower board. Plaintiff argues her daughter’s conduct constituted negligence and we agree; however, we disagree with plaintiff’s assertion that she was free of negligence.
Our Supreme Court has adopted a duty-risk approach to determine whether liability exists in a particular case. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). In determining the duty owed by the daughter to her mother, it is not necessary to classify plaintiff as an invitee or licensee, but rather it is appropriate to ascertain this duty by examining the particular facts before us. Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976).
The daughter owed her mother a duty to discover any dangerous condition on the premises and to correct the condition or warn of its existence. Plaintiff testified she knew that her daughter used this barricade for at least five years. She candidly admitted seeing the barricade in place when she got up earlier that morning, but for some reason mistakenly assumed that the doorway had been cleared. Perhaps the jury felt that plaintiff’s previous fall over the same board was sufficient reason for a reasonably prudent person to not only be aware of the potential danger but to exercise even greater caution.
We have previously held that when a person looks but fails to see an open, apparent and observable object in their path, that person is in the same legal position as one who fails to look at it and is thus contributorily negligent. Magenta v. Firemens Fund Insurance Company, 284 So.2d 839 (La.App. 4th Cir. 1973). “The duty of a landowner is not to insure against the possibility of an accident on his premises, but rather to act reasonably in view of the probability of injury to others. Thus the landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner.” Shelton, supra, at p. 410.
We feel plaintiff did not exercise reasonable care in avoiding a danger which she knew existed; also, she failed to see what should have been seen under these unusual and particular circumstances and this con *1240 stituted contributory negligence barring recovery.
We conclude that the jury’s determination was supported by the evidence and that its application of law was proper. Accordingly, the judgment of the District Court dismissing plaintiff’s lawsuit is affirmed with plaintiff to pay all costs of this appeal.
AFFIRMED.